UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY DEVLIN,

    Plaintiff,

v.                                    CASE No. 8:09-CV-1838-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

### I.

The plaintiff, who was forty-four years old at the time of the administrative hearing and who has a ninth grade education, has no relevant work experience. He filed a claim for supplemental security income payments, alleging that he became disabled due to high blood pressure,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

numbness in his feet and hands, backache, and diabetes (Tr. 94). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, received a *de novo* hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "Lumbar Degenerative Disc Disease, Diabetes Mellitus (DM)[, and] Dysthymic Disorder (20 CFR 416.920(c)). He also is hypertensive and had orchitis" (Tr. 22). The law judge concluded that, as a result of these impairments, the plaintiff had the residual functional capacity "to perform sedentary work except for sitting and standing at will after minutes, doing only occasional postures (crouching, crawling, balancing, stooping, kneeling and normal climbing) at simple, routine, 1-2 step repetitive routine tasks in a low stress, safe, setting (contact with objects rather than people, no unprotected heights, climbing of scaffolds/ropes/ladders, moving machinery, and extremes of temperature)" (Tr. 25). The law judge determined that the plaintiff does not have formal past work (Tr. 29). However, based upon the testimony of a vocational expert, the law judge found that there are jobs existing in significant numbers in the national economy that the plaintiff could perform, such as lens inserter, bonder, and

final/small products bench assembly worker inspector (Tr. 30-31). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 31). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff last worked for a wage in the mid-1980's, but quit because he did not get along with the business owners (Tr. 93, 403). In recent years, he worked on automobile air conditioning units occasionally for his brother, who is now deceased, in return for meals and a room (Tr. 403). The law judge determined that, due to a combination of impairments, the plaintiff was limited to a range of sedentary work (Tr. 25). However, the law judge ruled further, based upon the testimony of a vocational expert, that there were jobs that the plaintiff could perform (Tr. 30-31).

The plaintiff challenges the law judge's decision on two grounds. Neither has merit.

The plaintiff contends, first, that the law judge failed to give proper weight to the plaintiff's treating physician (Doc. 19, pp. 6-9). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight.

Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). The law judge specifically recognized that, "[n]ormally, a treating source gets greater weight than the opinion of a one-time examiner, under the treating physician rule" (Tr. 25). However, good cause exists for discounting the treating physician's opinion when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff first sought treatment by pain management doctor Shaukat H. Chowdhari, M.D., in August 2006 for lumbar problems (Tr. 176). At some point, Dr. Chowdhari filled out a form entitled Physical Residual Functional Capacity Questionnaire ("Questionnaire") provided to him by the plaintiff, finding the plaintiff essentially incapacitated (Tr. 239-45).[2] After identifying the relevant diagnoses of chronic lower back pain, lumbar disc disease, and lumbar joint arthropathy, Dr. Chowdhari limited the plaintiff to, among other things, sitting, standing, and walking for less than a total of one

---

[2] The Questionnaire states that it was filled out on March 13, 2006 (Tr. 245). However, the Questionnaire also states, and the record reflects, that the plaintiff first saw Dr. Chowdhari on August 8, 2006 (Tr. 176, 239).

hour in an eight-hour workday (Tr. 241-42). The doctor failed to indicate the number of minutes that the plaintiff could sit or stand at one time (Tr. 241), but stated that he could only walk two to three minutes at a time (Tr. 242). Further, he indicated that the plaintiff could not lift more than ten pounds, and that he was significantly limited in reaching and handling (Tr. 243). Dr. Chowdhari said that the plaintiff could engage in handling and fine manipulation less than fifty percent of the workday (Tr. 244).

Dr. Chowdhari stated that the plaintiff's disabling symptoms and limitations identified in the Questionnaire did not apply until October 9, 2006 (Tr. 245). Around the end of October 2006, Dr. Chowdhari began facet injections and, in 2007, performed nerve blocks and trigger point injections (Tr. 150-70).

On November 7, 2007, the plaintiff was examined by a neurologist, Dr. Raul F. Nodal (Tr. 118-20). Dr. Nodal opined that the plaintiff had full range of motion and could lift and carry up to twenty pounds frequently and fifty pounds occasionally (Tr. 121-23, 124). Moreover, Dr. Nodal indicated that the plaintiff in an eight-hour workday could sit for three hours, stand for three hours, and walk for two hours (Tr. 125).

The plaintiff does not challenge Dr. Nodal's opinion. To the contrary, the plaintiff seems to agree that, at that point, he was not disabled (Doc. 19, p. 8). However, it appears that now the plaintiff, albeit vaguely, requests that the case be remanded for the law judge to consider a closed period of disability (id., pp. 8-9). This request is unpersuasive. The law judge did not find that Dr. Chowdhari's treatment had ameliorated the plaintiff's purported state of disability, as the plaintiff suggests, but rather that Dr. Chowdhari's opinion that the plaintiff was essentially disabled was not credible.

The law judge considered the medical evidence and reasonably discounted Dr. Chowdhari's comments. The law judge expressly found that the opinion was not supported by the other treating sources or by the opinion of Dr. Nodal (Tr. 25). Notably, the law judge adopted Dr. Chowdhari's lifting restrictions "because of the hand component on lifting" (id.). However, the law judge discounted the remainder of Dr. Chowdhari's opinion and explained why (id.):

> In this case, however, Dr. Nodal (a) is also a specialist in the area of neuromuscular diseases, and (b) saw the claimant most recently [pp. 257-268]. Moreover, the treating specialist's extreme

upper body restrictions, little backed by other reports, raise questions as to the care with which the form was filled out. In other words, the spinal findings are almost exclusively in the lower brachia, and should not affect hand use. Dr. Chowdhari did not mention the questionable CTS component as a justification. Ultimately, the following evidence fails to substantiate his claims, and must take precedence over the generalized statements:

The findings themselves show that the claimant's spinal impediment should not preclude lifting at least ten pounds, standing, walking, and sitting [at least in alternation], a rather low threshold of exertion: The claimant left his long-ago job in the general economy due to a quarrel, not because of his back. There is no dangerous osteopenia, overlap, immobilizing scoliosis, infection, malignancy, diagnosed cauda equina syndrome, or tailbone damage (fracture) that could prevent sitting without pain. The upper spine is not afflicted, so that lifting, pushing and pulling are unimpaired on that basis. In this case, the MRI evidence of stenosis is not as crucial for Social Security work determination as the lack of accompanying clinical signs and symptoms here: As to clinical effects, range of motion is often adequate, or just slightly limited [*e.g.*, p. 266]. Clinicians did not state that he would suffer paralysis with "light" exertion, which activity in fact was encouraged in the form of physical therapy. With the possible exception of his left hand (*infra*), his limbs are not independently injured, so he can ambulate and lift without further impediment. He does not use a cane [*e.g.*, p. 210].

> In short, even the predominant spinal infirmity would allow for "sedentary" duties (20 CFR 416.967(b)). If he requires rest breaks, there is insufficient evidence that it would occur 1/3-2/3 a day or involve repeated days off. The correlation that his anesthesiologist [Dr. Chowdhari] made between pain control and days off is not clearly supported in the record.

In short, the law judge concluded that there were no objective findings that would support Dr. Chowdhari's opinion that the plaintiff had substantial limitations on handling and fine manipulation, so that the law judge thought that the doctor had not paid close attention when filling out the Questionnaire (Tr. 25). Further, the law judge explained why the plaintiff's lower back condition was not so severe that it would prevent the plaintiff from alternating sitting and standing during the work day. This was an adequate basis for discounting Dr. Chowdhari's Questionnaire.

The law judge, in addition, concluded that Dr. Chowdhari's restrictions were based largely on the plaintiff's complaints. Significantly, the law judge determined that the plaintiff's complaints "are not fully persuasive," and explained that determination (Tr. 29). The plaintiff has not challenged the law judge's credibility determination. That determination

therefore provides further support for discounting Dr. Chowdhari's opinion, since it was based largely on the plaintiff's subjective complaints.

Finally, it is noted that not even the plaintiff believed Dr. Chowdhari's opinion that the plaintiff could only sit, stand, and walk for less than a total of one hour in an eight-hour workday (Tr. 242). Thus, the plaintiff testified that, in an eight-hour workday, he could sit for two hours and stand for two hours (Tr. 408).

In sum, Dr. Chowdhari's opinion regarding the plaintiff's restrictions is patently overstated and, on its face, does not appear plausible. In all events, the law judge set forth good cause for discounting the opinion. Accordingly, the law judge did not err in his assessment of that opinion.

In the plaintiff's second argument, he asserts that it was error for the law judge not to include Dr. Chowdhari's limitations in the hypothetical question to the vocational expert (Doc. 19, p. 10). This argument is meritless.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required

to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

The vocational profile found by the law judge clearly matches the pertinent hypothetical question posed to the vocational expert (Tr. 25, 420). Consequently, the hypothetical question is not flawed. The law judge did not need to include in the hypothetical question Dr. Chowdhari's restrictions to the extent that he rejected them.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 28th day of May, 2010.

```
                                    THOMAS G. WILSON
                              UNITED STATES MAGISTRATE JUDGE
```